*Mandamus Awarded.*

---

# WHEELING

## STATE v. DAVIS.

### Submitted June 9, 1905.    Decided June 16, 1905.

1. CRIMINAL LAW—*Malicious Maiming—Instructions*.

    In the trial of an indictment found under section nine, of chapter 144 of the Code, for malicious wounding, with intent to maim, disfigure, disable or kill, an instruction at the instance of the state which eliminates from the consideration of the jury the intent with which the alleged wounding was done is erroneous. (p. 96.)

2. CRIMINAL LAW—*Instructions*.

    It is error to give an instruction which is confusing in its language and calculated to mislead the jury. *State* v. *Sutfin*, 22 W. Va., 771. (p. 97.)

Error to Circuit Court, Ritchie County.

James Davis was convicted of malicious maiming and brings error.

*Reversed and Remanded.*

FREER & ROBINSON, for plaintiff in error.

C. W. MAY, Attorney General, for defendant in error.

COX, JUDGE:

In the circuit court of Ritchie county, James Davis was indicted, tried and convicted of maliciously wounding and beating Peter Boston, with intent him, the said Peter Boston, to maim, disfigure, disable, and kill, and was sentenced to the penitentiary for the term of three years. Defendant moved to set aside the verdict, which motion was overruled, and he excepted. Upon his application to this Court a writ of error to the judgment was allowed.

Numerous assignments of error are made in this Court. Defendant claims that his motion to quash, and his demurrer to, the indictment should have been sustained. The indictment is in the usual form and clearly sufficient in law. The motion and demurrer were properly overruled. Hutchinson's Treatise 1087; *State* v. *Crookham*, 5 W. Va. 510; Code 1899, chapter 144, section 9.

Defendant complains of the instructions given at the instance of the State over his objection. Two instructions, numbered one and three, were given at the instance of the State. It seems that these instructions were intended to propound certain principles announced in the case of *State* v. *Cain*, 20 W. Va. 679. Number one instructed the jury that if they believed from the evidence in the case beyond all reasonable doubt that on March 6th, 1904, in the county of Ritchie, that James Davis, with a club or stick then and there held in his hand, struck the prosecuting witness therewith a violent blow on the forehead near the left temple, and with sufficient force to knock the prosecuting witness down and cut his face to the bone, and thereby wounded him, and from the effect of said blow the prosecuting witness was necessarily under the care of a physician for several days, and if they further believed from the evidence that said blow was struck without any or very slight provocation being given the defendant by the prosecuting witness, then they should find the defendant guilty as charged in the indictment. This instruction was binding. It practically instructed the jury that if they believed the defendant struck the blow mentioned with the effect mentioned without any or upon slight provocation, they should find the defendant guilty as charged in the indictment. The defendant claimed self defense and offered evidence upon that theory. This instruction left no room for the defendant

to show that the blow was in self defense, or accidental, or otherwise excusable. It did not say that if the jury believed the facts set forth in the instruction the defendant was *prima facie* guilty as charged, and that such presumption might be rebutted, or that there must have been an intent to maim, disfigure, disable, or kill, but it did in effect say that if the jury believed the facts mentioned the defendant should be found guilty regardless of intent. This instruction made any presumption arising from the facts mentioned in the instruction conclusive and final, and not merely *prima facie.* This was error and prejudicial as to a material matter. This instruction does not accord with the principles laid down in the case of *State* v. *Cain, supra,* or in the case of *State* v. *Douglass,* 28 W. Va. 297. In the latter-case an instruction was held erroneous because it separated the blow from the character of the instrument with which it was inflicted and the intent with which it was given. The instruction in question here disregarded the matter of intent and instructed the jury to find the defendant guilty if they believed the facts mentioned, without right to rebut any presumption against him arising from such facts.

Instruction number three is also objectionable. It is obscure and doubtful. There does not seem to be any evidence to sustain the theory assumed in this instruction. A part of this instruction is: "The court further instructs the jury that if you believe from the evidence in this case beyond all reasonable doubts that there was a quarrel between the prosecuting witness and James Davis on the night of March 6th, 1904, at the time of the trouble complained of and that both were in fault and a combat as the result of said quarrel took place" etc. We fail to find any evidence of a quarrel between the defendant and the prosecuting witness resulting in a combat at the time of the alleged wounding. If the wounding was done as alleged, it was not the result of a quarrel according to the evidence. Another objection to this instruction is that after stating what is claimed to be the law upon the facts mentioned therein, it contained an additional clause to the effect that if the jury believed two facts did not exist in the case, then they should find the defendant guilty as charged in the indictment. The two facts referred to were that be-

fore making the wound alleged the defendant declined further combat and that the wounding of the proscuting witness was necessary to preserve the defendant from great bodily harm or to preserve his life. This additional clause was confusing. It rendered the import of the instruction obscure. The instruction was calculated to mislead the jury and should not have been given. *Bantz* v. *Bassett*, 12 W. Va. 772; *Patton* v. *Elk River Nav. Co.*, 13 W. Va. 259; *State* v. *Cain*, *supra; State* v. *Sutfin*, 22 W. Va. 771.

What we have already said will reverse the judgment, and and as the case is to be remanded for a new trial it is not necessary for us to consider any of the other assignments of error except those relating to the evidence. We find no error· in the rulings of the lower court admitting or rejecting evidence unless it was the rejection of certain evidence sought. to be adduced from the witness Hoy. Hoy was asked. whether or not he, Johnson, and Davis, or either of them,. had been blackguarding any woman or doing anything to, cause arrest. This question related to the particular evening: on which the offense is alleged to have been committed and' shortly before the time of its alleged commission. The State was allowed to prove all the facts leading up to the alleged wounding, including the acts of the defendant, Davis, and of Johnson, and of Hoy. These parties were shown to have been together. While the form of the question was; somewhat objectionable, it seems to us that if a proper question had been propounded the defendant should have been allowed to show his acts or that he did nothing immediately preceding the alleged wounding.

One of the grounds of the motion to set aside the verdict was that it was contrary to the evidence. As this case is to be remanded for a new trial we express no opinion as to the sufficiency of the evidence to sustain the verdict. For the reasons stated the judgment of the circuit court of Ritchie county entered in this case on the 12th day of January, 1905, is reversed, and the motion of the defendant to set aside the verdict and award him a new trial is sustained, and this cause is remanded to be further proceeded with in accordance with the principles herein announced.

*Reversed and Remanded.*