# CHARLESTON.

## STATE v. CHARLES L. McINTOSH.

### Submitted May 7, 1918.　Decided May 10, 1918.

1. INDICTMENT AND INFORMATION—*Pendency of Indictment—Indictment for Same Offense.*

　　Pendency of one indictment does not preclude right in the state to cause another to be found for the same offense. (p. 484).

2. CRIMINAL LAW—*Successive Indictments—Plea in Abatement—Sufficiency.*

　　A plea by a person charged with the same offense in two successive indictments, setting up, as matter of abatement, continuances of the first indictment after the finding of the second, which, under the provisions of sec. 25 of ch. 159 of the Code, would entitle him to a discharge from prosecution for the offense, if the latter had not been returned, and making no disclosure of the proceedings on the second indictment, is insufficient for lack of certainty and definiteness. (p. 484).

3. SAME—*Plea of Abatement—Requisites.*

　　An essential averment of such a plea is the occurrence of enough unexcused continuances of both indictments, after the finding of the second, to make, when added to any of the first, that may have occurred before the finding of the second, the requisite number. (p. 484).

4. SAME—*Continuance—Plea in Abatement—Terms.*

　　In the case of two such indictments, the accused is not entitled to count under said statute, any term at which he procured a continuance of either indictment on his own motion, or otherwise prevented a trial thereof. (p. 484).

5. SAME—*Plea in Abatement—Requisites.*

　　Ordinarily, a plea in abatement must set forth, with strictness and precision, such matter as will necessarily prevent further procedure in the case, if found to be true in point of fact. (p. 485).

Case Certified from Circuit Court, Jackson County.

Charles L. McIntosh was indicted for larceny and embezzlement. Demurrers to special pleas sustained, and order certified.

*Affirmed and remanded.*

W. F. Boggess, Prosecuting Attorney, J. L. Wolfe, and E. T. England, Attorney General, and Henry Nolte, Assistant Attorney General, for the State.

Elmer Stone, Charles E. Hogg, and Walter Pendleton, for defendant.

POFFENBARGER, PRESIDENT:

The order under review on a certificate of the trial court sustains demurrers to three special pleas founded upon sec. 25 of ch. 159 of the Code, discharging persons held under indictments for offenses, for failure to accord them trial within the reasonable time prescribed thereby, agreeably to the constitutional provision guaranteeing prompt trial in criminal cases.

These pleas were interposed to an indictment for larceny and embezzelment found, May 2, 1916, offenses charged, the pleas aver, in a previous indictment of the accused, found Nov. 2, 1915, and still pending. There is no averment of lack of an opportunity for trial of the indictment last found, within the time prescribed by the statute, but failure to accord a prompt trial of the one found in Nov. 1915 and identity of the person and the charges in the two indictments are averred, and the argument submitted in resistance of the demurrers proceeds upon the theory of an indictment for an offense as to which there has been a virtual acquittal, by reason of the identity of the offense and failure to bring the accused to trial on the older indictment, within the time prescribed.

As only one regular term intervened between the findings of the two indictments, there could have been no right to a discharge at the date of the finding of the second and the pleas do not claim it, wherefore there has been no indictment for an offense of which the accused had been previously acquitted either in law or fact. The mere pendency of one indictment did not preclude right to find another for the same offense. Gibson's Case, 2 Va. Cas. 111; Stuart v. Com., 28 Gratt. 950.

As to what the procedure on the new indictment has been, the pleas are silent. It may have been regularly continued at

the request of the accused from the date of the finding thereof down to the date of the filing of the pleas, and, if so, he can-not be heard to complain of the delay in his trial. Assum-ing identity of the offense charged in the two indictments, averred by the pleas, the mere failure of the state to demand a trial on the first in view of his continuances of the second, for cause shown, if such continuances occurred, as they may have, he cannot be deemed to have been held under accusa-tion in violation of the constitution and statute. His de-mands for continuances of the second charging the offense set forth in the first, if made, were submissions to restraint of his liberty on account of the accusation made in both indict-ments, the offense with which he was charged. Being thus prolonged at his own instance under one of the indictments, it cannot be deemed to have been involuntary as to the of-fense merely because it was charged in another. Any one of such continuances may have defeated the prompt trial to which he was entitled and deprivation of which would confer right to a discharge from prosecution. If he was ready for trial on the charge made against him, the state had right of election as the indictment upon which it would proceed. *Stuart* v. *Com.,* 28 Grat. 950; *Gibson's Case,* 2 Va. Cas. 111. If regard is had only to the first indictment and the other excluded from consideration, the accused is within the letter of the statute, but he is clearly not within its spirit or pur-pose, if he prevented a trial by procurement of continuances of the second indictment. The pendency of both and pro-ceedings thereon must be considered. In substance and ef-fect, his continuance or postponement of trial for the offense charged in one indictment, if obtained, effected a postpone-ment of trial for the same offense charged in the other, for he could not have been ready for trial on one and not on the other. Lack of a formal continuance of one of them is, under the circumstances, the barest sort of a technicality which neither the legislature nor the framers of the constitution can be deemed to have contemplated as ground for discharge from prosecution for a felony.

Whatever the true denomination of the pleas may be, they are in effect pleas in abatement of the prosecution and fall

under the rule requiring disclosure of such matter as will necessarily prevent further procedure in the case, if true in point of fact, and strict and precise statement thereof. *Quarrier* v. *Insurance Co.*, 10 W. Va. 507, 520. "A plea which avers facts which, if true, may or may not constitute a legal defense, depending entirely upon an ulterior fact not averred, is bad for uncertainty." *Risher* v. *Wheeling, etc. Co.*, 57 W. Va. 149, 156. The strictness of the rule here applied is relaxed in pleas of former acquittal and former conviction, *State* v. *Cross*, 44 W. Va. 315, but this is not a plea of that kind. It may partake of the nature of a plea of acquittal, but it is not based upon an adjudication.

For the reasons stated, the order sustaining the demurrers to said three special pleas to indictment No. 5 is approved and affirmed and affirmance thereof will be certified to the trial court.                   *Reversed and remanded.*