# CHARLESTON.

ROBERT L. DILLON and LON L. DILLON *v.* H. M. TANNER, *Judge*

(No. 6540)

Submitted September 4, 1929.  Decided September 10, 1929. Original jurisdiction.

*Grover C. Worrell,* for petitioners.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for respondents.

LITZ, JUDGE:

By this rule in prohibition against the respondents, Honorable Howell M. Tanner, Judge of the circuit court of Wyoming county, and D. D. Moran, Prosecuting Attorney of said county, the petitioners, Robert L. Dillon and Lon L. Dillon, seek to prevent their further prosecution in said court upon a charge of felony.

Section 25 of Chapter 159 of the Code, the basis of the action, provides: "Every person charged with felony, and remanded to a circuit court for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the indictment is found

against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the state being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict.''

At the regular February, 1928, term of the circuit court of Wyoming county, the petitioners were indicted jointly for arson.   They appeared promptly and gave bond, but were not brought to trial at either of the two remaining regular terms (in May and October) or a special term (in December) of that year.   At the first regular term in 1929 a continuance was entered on motion of petitioners to the next regular term, when they filed a special plea in bar to their further prosecution on the theory that there had been three regular terms of the court after the finding of the indictment before the convening of the first regular term of 1929.   It is claimed for this position, which has no foundation in law or fact, that the special term in December, 1929, should be treated as a regular term in contemplation of the statute.   A regular term is fixed by law while a special term is called by the judge of the court as often as he may see fit when not in conflict with a regular term.   As only two regular terms had elapsed after the finding of the indictment (the one at which it was found not being counted: *Bell* v. *Commonwealth,* 8 Gratt. 600; *Sands* v. *Commonwealth,* 20 Gratt. 800; *Ex parte Anderson,* 81 W. Va. 171) before the convening of the first regular term in 1929, since which trial has been deferred at the instance of the petitioners, the peremptory writ is refused.

*Writ refused.*