# Richmond

WALDRON MEALY, ALIAS JUDGE MEALY v. COMMONWEALTH OF VIRGINIA.

January 21, 1952.

Record No. 3921.

Present, Hudgins C. J., and Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Walter Leake* and *James C. Page,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *Thomas M. Miller, Assistant Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

This case is before us upon a writ of error to a final judgment of the Circuit Court of Goochland county entered February 14, 1951, whereby Waldron Mealy, alias Judge Mealy, was convicted and sentenced for violating the Alcoholic Beverage Control Act, Code of Virginia, 1950, section 4-57, which prohibits the manufacture of alcoholic beverages without a license.

The defendant assigns three grounds in his exceptions to the court's ruling in sustaining the Commonwealth's demurrer to his plea for discharge:

(1) The court erred in sustaining the demurrer to defendant's plea under the "third term" statute, Code, 1950, § 19-165.

(2) The court erred in sustaining the demurrer to defendant's plea of former jeopardy (*autrefois convict* and *autrefois acquit*).

(3) The court erred in overruling defendant's motion for discharge upon the pleas to the indictments.

In order for the contentions of the defendant to be understood it will be necessary to give a summary of the proceedings in the trial court.

At the February, 1950, term three indictments were returned against the Negro defendant by an all-white grand jury. Each indictment dealt with an alleged offense which took place near an illicit distillery on December 23, 1949. Indictment No. 1 charged the defendant with having firearms in his possession while aiding or assisting in the unlawful manufacture of alcoholic beverages (Code, 1950, § 4-83). Indictment No. 2 charged that the defendant "did unlawfully * * * aid and abet in the manufacturing", etc. (Code, 1950, § 4-57), and indictment No. 3 charged the defendant with attempt to murder. The defendant interposed a demurrer to indictment No. 3 which was sustained on February 15, 1950, "in so far as the indictment attempts to charge a felony".

Upon arraignment on indictments Nos. 1 and 2 the defendant entered pleas of "not guilty" and the cases were continued generally until the next term.

At the April, 1950, term the cases were continued on motion of

the defendant. At this term a new indictment (No. 3) was returned against him charging attempt to murder.

At the June, 1950, term the cases as to indictments Nos. 2 and 3 were continued generally and the case involving indictment No. 1 was set for trial on June 15, 1950.

A petit jury was summoned to try the defendant on indictment No. 1 and on the date of the scheduled trial, June 15, 1950, defendant filed his motion to quash the indictment for the reason that he had been discriminated against in the selection of the all-white grand jury which had returned the indictment against him. Ruling upon the motion was deferred and with the consent of the defendant the trial proceeded as scheduled, the jury finding the defendant guilty and fixing his punishment at twelve months in jail.

The defendant then moved to set aside the verdict and renewed his motion to quash all three indictments because of racial discrimination in selecting the (all-white) grand jury. The court took the motion under advisement until August 14, 1950.

On August 14, 1950, the court, considering the defendant's motion to quash the indictments, heard evidence *ore tenus* and ruled that the motion had been timely made and the grand jury, under the evidence presented, had been improperly selected. The defendant's motion to quash the indictments was sustained and the verdict of the jury on indictment No. 1, returned June 15, 1950, was set aside and annulled. The court's order further provided, ''but leave is reserved to the attorney for the Commonwealth to further proceed as he may be advised.''

At the same term, to-wit, on August 17, 1950, another grand jury was summoned and returned three indictments against the defendant which were substantially identical with the former indictments. On this same date these indictments were continued generally.

On December 11, 1950, indictments 1 and 2, returned on August 17, 1950, were dismissed upon defendant's motion in which the Commonwealth joined. Thereupon, a special grand jury was summoned for this December term and returned new indictments Nos. 1 and 2.

The defendant filed the same pleas as to the new indictments Nos. 1 and 2. One plea was for discharge under Code, § 19-165, referred to as the ''three term'' statute, and the second asserted former jeopardy, *autrefois acquit*. The Commonwealth filed a

demurrer to each of these pleas and the demurrers were sustained. Thereupon the Commonwealth moved that indictment No. 2 which charged the unlawful manufacture of alcoholic beverages be set for trial on December 15, 1950, to which the defendant objected, and upon the defendant's motion the case was continued to and tried at the February, 1951, term. The jury found the defendant guilty and fixed his punishment at six months in jail and a fine of $800. From the judgment entered upon this verdict the defendant appeals.

The first assignment of error challenges the correctness of the court in sustaining the Commonwealth's demurrer to the defendant's plea of former jeopardy.

At the October, 1950, term the defendant moved to quash original indictments Nos. 1 and 2 (indictment No. 3 being in no way involved) on his plea of former jeopardy. The Commonwealth filed a demurrer to the plea which was sustained on October 12, 1950.

Defendant alleges in his plea of former jeopardy that the new indictments Nos. 1 and 2 are identical with original indictments Nos. 1 and 2, and that the new indictment No. 2 upon which he was convicted and which is the subject of this appeal charges the same offense for which he stood trial under original indictment No. 1. However, it must be remembered that this indictment No. 1, on defendant's timely motion, was quashed and the jury's verdict set aside. Therefore the defendant was not in jeopardy. It was the defendant who challenged the selection of the all-white grand jury which returned the original indictments against him, and upon his timely challenge the court quashed the indictments and set aside the verdict finding him guilty on indictment No. 1. Thus the indictments having been declared invalid upon his motion he cannot contend that he was in jeopardy under these invalid indictments.

The defendant based his motion to quash the original indictments upon the ruling of the United States Supreme Court in the case of *Patton* v. *Mississippi* (1947), 332 U. S. 463, 68 S. Ct. 184, 92 L. ed. 76, 1 A.L.R. (2d) 1286, wherein the court held that the defendant having "filed a timely motion to quash the indictment" on the ground that Negroes, being available and competent to serve on juries, systematic denial of the privilege was in violation of the Fourteenth Amendment to the Constitution of the United States.

However, the unanimous opinion of the court further held:

"Indictments and verdicts returned * * * by juries thus (improperly) selected cannot stand. As we pointed out in *Hill* v. *Texas*, 316 U. S. 400, 62 S. Ct. 1159, 86 L. ed. 1559, 1563, our holding does not mean that a guilty defendant must go free. For indictments can be returned and convictions can be obtained by juries selected as the Constitution commands.

"The judgment of the Mississippi Supreme Court is reversed and the case is remanded for proceedings not inconsistent with this opinion."

The defendant in the *Patton Case* had been convicted, he made "timely motion" to quash the indictment on the ground of racial discrimination and the United States Supreme Court reversed the Mississippi Supreme Court's ruling and remanded the case "for proceedings not inconsistent" with its ruling. Clearly Patton could not plead former jeopardy upon retrial under a legal indictment for the same offense, and neither can Mealy, the defendant in the instant case so plead.

The second assignment of error deals with the applicability of the "three-term" statute, § 19-165 of the 1950 Code as amended. This section relates to the time within which an indictment must be tried, and provides for the discharge of the accused "if there be three regular terms of the circuit or four of the corporation or hustings court in which the case is pending after he is so held without a trial", unless the failure to try the accused was caused by certain enumerated exceptions. The admitted object of the statute is to give the accused a speedy trial as guaranteed by the Constitution. *Commonwealth* v. *Adcock*, 8 Gratt. (49 Va.) 661.

The fallacy of the defendant's contention in this assignment is that he is here attempting to add the continuances under the original indictments which were quashed on his motion, to the continuances under the new indictment upon which he was tried and convicted. This cannot be done. On the timely motion of the defendant the original indictments became of no effect, and admittedly three terms of court had not passed between the return of the new indictment and the trial resulting in the conviction here complained of. Therefore § 19-165 does not here apply.

In view of what we have said the third assignment of error is without merit, the judgment of the trial court is plainly right and it is

*Affirmed.*