STATE *ex rel.* DAVID H. FARLEY

*v.*

H. NICKELL KRAMER, *Judge,* CIRCUIT COURT, SUMMERS COUNTY, *et al.*

(No. 12745)

Submitted April 22, 1969.        Decided June 24, 1969.

Dissenting Opinion Filed July 24, 1969.

*Stanley E. Preiser,* for relator.

*Leo Catsonis,* Assistant Attorney General, for respondents.

CALHOUN, JUDGE:

In this proceeding in prohibition instituted in this Court pursuant to its original jurisdiction in cases of this character, David H. Farley, the relator, seeks to prohibit Honorable H. Nickell Kramer, Judge of the Circuit Court of Summers County, and Honorable Thomas L. Read, Prosecuting Attorney of Summers County, as respondents, from proceeding to try the relator upon an indictment for murder returned against him on May 21, 1968, by a grand jury during the regular May, 1968, term of the Circuit Court of Summers County. The indictment charges the relator with having theretofore murdered one Robert H. Bailey. It is the third indictment, two prior indictments for the same offense having been held by the trial court to be invalid at the instance of the accused, the relator in this case.

In the prohibition petition, the relator asserts that "he should be forever discharged from prosecution for the offense" charged in the indictment by reason of the provisions of Code, 1931, 62-3-21, as amended, which statute, so far as pertinent to this case, provides:

Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; * * *.

On May 31, 1968, a rule in · prohibition was issued against the respondents and made returnable before the Court on September 4, 1968, at ten o'clock a.m., and, pursuant to the prayer of the prohibition petition, further proceedings in the trial court were suspended pending a decision by this Court. The case was continued thereafter from time to time until April 22, 1969, on which date the case was submitted for decision upon the prohibition petition; upon an answer and a demurrer to the petition filed by and in behalf of the respondents, with accompanying exhibits filed with and made a part of the answer; upon a demurrer to the answer; upon a "reply and replication" to the answer, together with exhibits filed with and made a part of the reply and replication; upon a writing filed by and in behalf of the relator which is designated as "petitioner's motion for writ of prohibition notwithstanding the answer of respondents"; and upon briefs in writing and oral argument of counsel.

Code, 1931, 51-2-1k, as amended, provides that three regular terms shall be held each year for the Circuit Court of Summers County, to commence, respectively, on the second Tuesday of January, the third Tuesday in May and the second Tuesday in September. The first indictment upon the charge of murder was returned at the September, 1966, regular term. We are not directly concerned in this case with that term of court for the reason that, at that term, the case was continued on the motion of the relator to the regular January, 1967, term of court and meantime he was released on bond. An accused is not entitled to count, under the statute, "any term at which he procured a continuance * * * on his own motion, or otherwise prevented a trial thereof." *State* v. *McIntosh*, 82 W. Va. 483, pt. 4 syl., 96 S. E. 79. In any event, the "term at which the indictment is returned is not to be counted in favor of the discharge of a defendant." *State ex rel. Smith* v. *DeBerry*, 146 W. Va. 534, pt. 1 syl., 120 S. E.2d 504.

The case was set for trial on January 19, 1967, during the regular term of the circuit court. On January 7, 1967, the first day of the term, the relator, by counsel, filed numerous motions and pleadings including a demurrer, a motion to quash the indictment, a plea in abatement and a "Plea in Bar of Prosecution and Motion to Discharge Defendant from Prosecution," copies of all of which motions and pleadings were filed by court orders, copies of which orders are filed as exhibits with and made a part of the answer to the prohibition petition. On January 10, 1967, during the regular January term, the trial court entered an order which contains the following language:

"And the Court after hearing argument of counsel on said Demurrer, Motion to Quash and Plea in Abatement is of the opinion and doth hold on said Plea of Abatement that the selection and the empaneling of the Grand Jury of Summers County at the regular September, 1966 term was not in the manner and method as provided by the statute of the State of West Virginia, *and the indictment in this case is therefore void,* which Plea in Abatement is therefore sustained. (Italics supplied.)

"And the defendant shall go hence without day."

The indictment having been held void at the instance of the relator and he having been permitted, therefore, to "go hence without day," it is obvious that he was not at that stage remanded for trial upon a presentment or an indictment. There was no pending presentment or indictment upon which he could have been tried. According to an exhibit filed with the reply and replication to the respondents' answer, a new warrant for the relator upon the same charge of murder was obtained and, at a preliminary hearing held by a justice of the peace on January 13, 1967, the relator was held on such murder charge for the action of the next grand jury of Summers County. By an order entered by the trial court on January 20, 1967, upon a petition filed in behalf of the relator, he was permitted to be released on bond in the penalty

of $2,000 conditioned upon "his appearance on the first day of the next regular May 1967, term of this Court and not depart thence without leave of the Court." He was not at that stage remanded to a court of competent jurisdiction "for trial," within the meaning of the "three term" statute here in question. He was merely released under bond to await the action of a subsequent grand jury.

At the regular May, 1967, term of the circuit court, a new indictment, the second indictment, was returned against the relator alleging the same charge of murder which had been alleged in the initial indictment which, at the instance of the relator by counsel, the court had held to be void. During that regular term of court, on June 2, 1967, the relator, by counsel, filed, in relation to the second indictment, numerous motions and pleadings, including a motion to quash the indictment, a plea in abatement, a plea in bar and a demurrer.

In the relator's reply and replication he alleges: "* * * Petitioner's attack on the indictment in May 1967, was based primarily on the fact that the Jury Commissioners had intentionally excluded women from the Grand Jury, and the Court dismissed the May 1967 indictment for that reason." In any event, it is obvious that, at the instance of the relator, the trial court was urged to hold that the indictment returned at the May, 1967, regular term was not a valid indictment upon which he could be legally tried.

An order entered by the Circuit Court of Summers County on January 29, 1968, recites the appearance of the state by its prosecuting attorney, the appearance of David Hale Farley, the relator in the present case, "and it appearing to the Court that the Court has not had an opportunity to pass on the *pleading* heretofore filed in this case" and that "it is the order of the Court that the hearing of the matters in this case is continued at the direction of the Court." The accused, the relator in this prohibition proceeding, was thereupon released on a bond

"to appear at the next regular May 1968, term" of the court. The answer of the respondents alleges that the case had been set for trial on January 19, 1968, but that because "a deep snow had fallen", which rendered it impossible for a sufficient number of petit jurors to be in attendance, "all the cases on the trial docket for that term were continued at the direction of the Court by reason of the extreme weather conditions, * * *."

It appears from the foregoing that after the return of the second murder indictment against the relator at the May, 1967, regular term, the September, 1967, regular term and the January, 1968, regular term of court passed without the relator having been tried on that indictment. In the meantime, the court had not ruled upon various motions and other pleadings which attacked the validity of the second indictment. There is no showing from the record that the case had been continued on the motion of the accused at either of such regular terms.

An order entered on March 29, 1968, at a special term of court, recites the appearance of the state by its prosecuting attorney and the appearance of "David Hale Farley, in person and by counsel." The order thereafter contains the following language: "* * * and the Court after having duly considered the defendant's motion to quash, plea in abatement and demurrer was of the opinion to sustain the same, and said motion to quash, plea in abatement and demurrer are hereby sustained, and the indictment against the defendant is hereby dismissed." The order thereafter provided for the release of the accused on bond, at the request of the prosecuting attorney, for his appearance at the May, 1968, regular term of the court. The order further recites that "to the posting of which bond the defendant objects and excepts."

It appears, in the circumstances previously stated, that, at the instance of the accused, the relator in this prohibition proceeding, the second indictment was held to be invalid and was accordingly dismissed before the commencement of the third regular term of court after the

May, 1967, regular term at which the indictment was returned. In other words, at the time the second indictment was held to be invalid and was dismissed in response to objections to its validity, there had not been "three regular terms of such court" after the regular May, 1967, term of court at which the indictment was returned. After the second indictment was held to be invalid and was dismissed by a court order entered on March 29, 1968, there was, of course, no indictment pending upon which the accused could have been remanded to the court for trial. To this point the trial court, at the instance of the accused, had been constrained to hold that there had been no valid indictment upon which the accused could have been legally tried and convicted.

On May 21, 1968, at the regular term of court, the third indictment, the one involved in this prohibition proceeding, was returned against the accused, the relator in this case, charging the same offense of murder which had been charged in the two prior indictments which had been held invalid at the instance of the accused. According to a court order entered on that date, the accused appeared in open court in person and by counsel, and requested an extension of time within which to file "a motion and plea in this case". The extension of time was granted "and the Court gave the defendant until the 31st day of May, 1968, to file said plea and motion." The accused, by the same court order, was directed to appear before the court on May 31, 1968, "to enter a plea upon said indictment" and meantime the accused was released upon the bond theretofore given by him.

On May 27, 1968, the accused appeared in person and by counsel in the trial court and filed eleven separate motions, none of which attacked the validity of the May, 1968, indictment. At the same time, the accused by counsel filed in the trial court a motion to discharge the accused from further prosecution upon the charge of murder in question pursuant to the "three term" rule provided by Code, 1931, 62-3-21, as amended, the pertinent

portion of which has been quoted previously in this opinion. By an order entered on May 27, 1968, the court overruled the motion to discharge the accused from further prosecution pursuant to the "three term" rule of the statute and directed that arguments of counsel would be heard on May 31, 1968, in relation to the "other pleas and motions" theretofore filed.

On the same day the various motions in writing were filed in the circuit court, May 27, 1968, the relator filed in this Court his petition for a writ of prohibition. An order thereafter entered by the trial court on May 31, 1968, recites the appearance of the accused, the relator in this prohibition proceeding, in person and by counsel, that argument was heard upon the eleven motions theretofore filed in behalf of the accused, some of which, by specific designation, were sustained and others denied or overruled, and the case was set for trial on the indictment on June 17, 1968.

In his reply and replication, the relator alleges that the trial court had indicated in open court that the case would be set for trial on June 3, 1968, rather than on June 17, 1968, as stated in the court's order entered on May 31, 1968. It is well established that courts of record speak only by their records. *State ex rel. Mynes* v. *Kessel,* 152 W. Va. 37, pt. 4 syl., 158 S. E.2d 896.

It is the contention of the relator in his prohibition petition, and the contention of his counsel by brief and oral argument, that, by reason of the provisions of Code, 1931, 62-3-21, as amended, the Circuit Court of Summers County had a mandatory duty to discharge the relator from further prosecution upon the murder charge involved in this case, pursuant to the motion made in his behalf on the first day of the regular May, 1968, term of that court and that the trial court was without legal authority to try the accused upon the pending indictment either on a subsequent day of that term of court or at any time thereafter, because, at that time, three regular terms of the circuit court had commenced and ended

after the September, 1966, regular term of court, at which the initial indictment was returned, notwithstanding the fact that the initial indictment and a second timely indictment for the same offense, at the instance of the accused, the relator in this case, had been held by the trial court to be invalid.

The precise question for decision, therefore, appears to be whether a trial on the third indictment is precluded by the provisions of the "three term" statutory provision, notwithstanding the fact that two prior timely indictments for the same offense, at the instance of the accused, had been adjudged by the trial court to be invalid indictments upon which the accused could not have been legally tried and validly convicted.

Counsel for the relator asserts in his brief that the "three term" statute involved in this case must be read in pari materia with Code, 1931, 62-3-1, as amended, which is in part as follows: "When an indictment is found in a court having jurisdiction, in any county, against a person for a felony, the accused, if in custody, * * * shall, *unless good cause be shown for a continuance,* be tried at the same term. * * *." (Italics supplied.) The requirement that the accused be tried at the term at which the indictment is returned has no application if "good cause be shown for a continuance." Obviously the accused convinced the trial court that good cause existed for a continuance of the case on his motion at the September, 1966, regular term of court at which the initial indictment was found. In this connection, counsel reasons as follows in his brief: "In giving force and effect to each statute the only reasonable interpretation that can be placed on Section 1 is that it applies to the one particular indictment and, unless good cause be shown, requires that trial on that one particular indictment be had at the same term at which it was found unless one of the statutory exceptions contained therein exists. The only reasonable interpretation of Section 21 is that it must apply to the offense itself, not merely the

particular indictment. The wording of the two sections themselves compels the conclusion that after the expiration of three terms, other than the term at which the indictment was returned, the Petitioner will be discharged forever from being tried for the same offense." We are unable to perceive the force of counsel's reasoning in this respect. We believe it is out of harmony with the clear spirit and intent of the "three term" statute and at variance with prior decisions of this Court which have construed and applied that statute.

It is not denied that prohibition is a proper proceeding in the circumstances of this case. *State ex rel. McCormick* v. *Hall,* 150 W. Va. 385, 146 S. E.2d 520.

We are of the opinion that the question presented for decision in this case is one of first impression for this Court, notwithstanding numerous prior decisions which have construed or applied the provisions of the "three term" statute herein involved. As we have stated previously in this opinion, "the term at which the indictment is returned is not to be counted in favor of the discharge of a defendant", and one indicted is not entitled, under the statute, to count "any term at which he procured a continuance * * * on his own motion, or otherwise prevented a trial thereof." *State ex rel. Smith* v. *DeBerry,* 146 W. Va. 534, pt. 1 syl., 120 S. E.2d 504; *State* v. *McIntosh,* 82 W. Va. 483, pt. 4 syl., 96 S. E. 79.

A special term of court may not be counted in favor of the accused. *Dillon* v. *Tanner,* 107 W. Va. 550, 149 S. E. 608. The same rule applies to an adjourned term. *Denham* v. *Robinson,* 72 W. Va. 243, pt. 4 syl., 77 S. E. 970. The accused may not count in his favor "any term of the court which occurred in part during the time he was without the jurisdiction of the court." *State ex rel. Smith* v. *DeBerry,* 146 W. Va. 534, pt. 3 syl., 120 S. E.2d 504. A regular term at which no petit jury has been summoned to attend must be counted in favor of the accused. *Ex parte Anderson,* 81 W. Va. 171, pt. 1 syl., 94 S. E. 31.

The fact that a defendant is serving a sentence in the state penitentiary will not preclude the running of the statute in his favor in relation to a different indictment pending against him in the same court by which he was sentenced to the penitentiary. *Hollandsworth* v. *Godby,* 93 W. Va. 543, 117 S. E. 369. The running of the statute in favor of the accused will not be interrupted by reason of the failure of the trial court, through inadvertence, to enter an order disclosing a continuance of the case on the motion of the accused. *State* v. *Underwood,* 130 W. Va. 166, pt. 1 syl., 43 S. E.2d 61. An accused cannot count in his favor one or more terms at which he failed to appear according to the requirement of his recognizance. *Crookham* v. *State,* 5 W. Va. 510, pt. 7 syl. The entry of a nolle prosequi by the state during the third regular term after the regular term at which the indictment was returned will not authorize the trial of the accused upon an indictment returned several years thereafter. *State* v. *Crawford,* 83 W. Va. 556, 98 S. E. 615.

In the second point of the syllabus of the *Crawford* case, in relation to the right of one to be discharged under the statute herein involved, the Court stated: "One in whom such right has so vested is entitled to a discharge from prosecution on a second indictment for the same offense, returned several years after the vesting thereof, such dismissal and reindictment being in contravention of the spirit and purpose of the statute." However, in the body of the opinion (83 W. Va. 560, 98 S. E. 617) the Court stated: "That a *nolle prosequi* does not preclude reindictment is well settled, * * *. By a dismissal before the right of discharge vests, the state may always save its right to prosecute on a new indictment, * * *." Following is the third point of the syllabus of *Ex Parte Chalfant,* 81 W. Va. 93, 93 S. E. 1032: "And it is not necessary in such case that the accused in order to obtain his discharge should show that after the indictment he made demand for trial or was in any way prevented from doing so. It is the duty of the state to bring him to

trial, if it would prevent his discharge, or excuse itself upon one of the grounds prescribed by the statute."

It has been stated frequently by this Court that the underlying purpose of the "three term" statute is to vouchsafe to one accused of a crime his constitutional right to a trial without undue delay. *State ex rel. Smith v. DeBerry,* 146 W. Va. 534, 538, 120 S. E.2d 504, 506. Section 14 of Article III of the Constitution of West Virginia provides: "Trials of crimes, * * * shall be * * * without unreasonable delay * * *." The language quoted implicitly declares that only an "unreasonable delay" of trial is inhibited by the constitutional provision. This constitutional provision and Code, 62-3-1, as amended, providing for trial at the same term at which the indictment is found "unless good cause be shown for a continuance," were considered in *State v. Jones,* 84 W. Va. 85, 99 S. E. 271. In that case the Court stated (84 W. Va. 89-90, 99 S. E. 273) that the constitutional provision and the statutory provision, "* * * are to be regarded as having both a public and a private or personal aspect or bearing. * * *. The duty to accord speedy trials is founded in sane reason and sound law, constitutional and statutory. But speed ought not be permitted to work injustice, and lest it should do so, the provisions therefor, as we have seen, are qualified in the constitution by the significant phrase, 'without unreasonable delay,' and in the statute by the like phrase, 'unless good cause be shown for a continuance.' "

The rule of reason is stated similarly in 22A C.J.S., Criminal Law, Section 467 (4), page 24, as follows: "A speedy trial is, in general, one had as soon as the prosecution, with reasonable diligence, can prepare for it; a trial according to fixed rules, free from capricious and oppressive delays, but the time within which it must be had to satisfy the guaranty depends on the circumstances." The same principle is stated in 21 Am. Jur. 2d, Criminal Law, Section 242, page 279 as follows: "The right to a speedy trial is intended to avoid oppression and

prevent delay by imposing on the courts and on the prosecution an obligation to proceed with reasonable dispatch. It has been said that the basic policy underlying the constitutional guaranty and the statutes enacted to implement it is to protect the accused from having criminal charges pending against him an undue length of time."

This Court appears to have adopted a minority view in stating that the duty is upon the prosecution to provide a prompt trial rather than a duty on the accused to demand a speedy trial. 22A C.J.S., Criminal Law, Section 469, page 36; *State* v. *Hollars,* 266 N. C. 45, 145 S. E.2d 309. In that case the court stated (145 S. E.2d at 314): "The burden is on the accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or wilfulness of the State's prosecution. The right to a speedy trial is not violated by unavoidable delays nor by delays caused or requested by defendants." Reference is here made to the convincing authorities cited in that case for the proposition quoted immediately above. The following language is quoted from 22A C.J.S., Criminal Law, Section 471 at page 49: "Accused is not entitled to a discharge or dismissal for delay in bringing him to trial where such delay was caused by proceedings or motions instituted by him, as where the delay is occasioned by proceedings on a motion to dismiss, or to quash the indictment, or by his filing of a dilatory plea, * * *." In *State* v. *Robinson,* 217 Or. 612, 343 P.2d 886, 891, involving a demurrer to an indictment, the court stated: "Accordingly, we repeat, that when the demurrer was filed the defendant must have realized that he was thereby occasioning delay. The delay thus created falls within the terms of ORS 134.120 which is, 'has not been postponed upon his application or by his consent.'"

The authorities referred to above lend significance to the following portion of 62-3-21, as amended, the "three term" statute here in question: "* * * or by a continu-

ance granted on the motion of the accused; * * *." To the same effect is the holding of this Court embodied in the fourth point of the syllabus of *State* v. *Loveless*, 142 W. Va. 809, 98 S. E.2d 773, as follows: "* * * a regular term of court occurring during the pendency of a writ of error granted defendant should not be counted." In the body of the opinion in that case the Court stated (142 W. Va. at 820, 98 S. E.2d at 781): "It can not be reasonably contended that terms of court occurring during the pendency of the writs of error granted defendant should be considered in determining the question whether defendant had been accorded a speedy trial, either under the statute or the constitutional provision."

Three times the trial court promptly set this case for trial upon the charge of murder. In each instance the trial was postponed or prevented at the instance of the accused. In the first two instances, on the motion of the accused and in obedience to a sedulous effort to vouchsafe to the accused rights asserted in his behalf, the trial court held that the indictments were not valid indictments upon which the accused could be legally tried and validly convicted. In the third instance in which the case was set for trial, this Court, at the request of the accused, the relator, in this prohibition proceeding, suspended further proceedings in the trial court pending a decision of this case by this Court. In *Ex Parte Bracey*, 82 W. Va. 69, pt. 6 syl., 95 S. E. 593, the Court held that the state cannot excuse itself from bringing the accused to trial, under the "three term" statute, by reason of the passing of regular terms of court by which trial was prevented by failure of the court to act upon a demurrer to the indictment, even though the demurrer is ultimately overruled and the indictment is, therefore, held to be valid, the delay being caused by the inaction or dereliction of the judge of the trial court. However, the Court, in that case, in relation to a delay occasioned by the accused, stated (82 W. Va. 75, 95 S. E. 596): "We do not think that the language used in the statute, 'on motion of

the accused,' means that the accused party must make a formal motion in the court in which the indictment is pending in order to charge him with the delay in bringing him to trial. If he instigates a proceeding which forces a continuance of the case at a particular term of court, he will not be permitted to take advantage of the delay thus occasioned."

The statute involved in this case applies to a person charged by presentment or indictment with a felony or misdemeanor, "and remanded to a court of competent jurisdiction for trial, * * *." The word "remanded" means "held" to a court of competent jurisdiction "for trial". If there is no pending presentment or indictment for a felony, obviously the accused is not held for trial. If he is merely held on bond to await the action of a grand jury, he is not held for trial. *State ex rel. Smith* v. *DeBerry,* 146 W. Va. 534, 541, 120 S. E.2d 504, 508.

*Mealy* v. *Commonwealth,* 193 Va. 216, 68 S. E.2d 507, involved a "three term" statute essentially identical with Code, 1931, 62-3-21, as amended. In construing the statute in the *Mealy* case, the court stated:

> "The fallacy of the defendant's contention in this assignment is that he is here attempting to add the continuances under the original indictments which were quashed on his motion, to the continuances under the new indictment upon which he was tried and convicted. This cannot be done. On the timely motion of the defendant the original indictments became of no effect, and admittedly three terms of court had not passed between the return of the new indictment and the trial resulting in the conviction here complained of. Therefore section 19-165 does not here apply."

In *State* v. *Strauder,* 11 W. Va. 745, in discussing the "three term" statute, the Court, at page 800, stated: "In *Adcock's case,* 8 Gratt. 661, it was held that, if a prisoner was indicted, tried and convicted in time, and the verdict set aside for a variance between the allegations in the

indictment and the proof, such as did not preclude the Commonwealth from again indicting the prisoner for the offense, such second indictment, if found promptly after the abandonment of the first, is in good time, and the prisoner is not entitled to his discharge, though more than three terms had elapsed since his examination and former indictment. There was therefore no error of the court in overruling this first motion of the prisoner." See also *Denham* v. *Robinson*, 72 W. Va. 243, 255, 77 S. E. 970, 975; *State* v. *Wiseman*, 141 W. Va. 726, 728, 92 S. E. 2d 910, 911-12. Since the first and second indictments, at the instance of the accused, were held to be void, the trial court did not have jurisdiction to try the accused on either indictment. A trial and a conviction would have been a nullity. *State ex rel. McCormick* v. *Hall*, 150 W. Va. 385, 146 S. E.2d 520.

This Court has held that if a trial on a felony charge is void, jeopardy did not attach and that "Especially is this true where the accused himself has set in motion the proceedings which nullified the judgment." *State ex rel. Tune* v. *Thompson*, 151 W. Va. 282, 286, 151 S. E. 2d 732, 734; *State* v. *Holland*, 149 W. Va. 731, 143 S. E. 2d 148. The fourth point of the syllabus of the *Holland* case is as follows:

"When a defendant institutes habeas corpus proceedings and has his conviction and sentence held void, he waives the provisions of the statute, Code, 62-3-21, as amended, to be tried within three terms of the finding of the indictment, making it inapplicable in such cases; and by accepting the benefits of having his conviction and sentence set aside and held for naught, he must also accept any disadvantage which may accrue therefrom."

For reasons stated in this opinion, the writ of prohibition prayed for is denied.

*Writ denied.*

HAYMOND, PRESIDENT, dissenting:

As in my opinion the petitioner, David H. Farley, has shown clearly that he is entitled to be forever discharged from prosecution for the offense with which he is charged in the third indictment for the crime of murder, I dissent from the decision of the majority in this proceeding which erroneously denies the writ of prohibition which he seeks to prevent his trial on that indictment and holds that he is subject to be tried for the offense charged in the indictment.

As pointed out in the majority opinion the present indictment is the third indictment for the same offense charged against the petitioner in two previous indictments which, at the instance of the petitioner, were held to be invalid by the Circuit Court of Summers County. The first indictment for the crime of murder was returned at the September 1966 regular term and on motion of the petitioner the case was continued until the next regular term which was the January 1967 term of the court. The petitioner was released on bond which required his attendance at the first day of the January 1967 regular term of court. On January 7, 1967, the first day of the term, the petitioner filed, among other motions and pleadings, a demurrer and a plea in abatement, and on January 10, 1967, the court sustained the plea in abatement and held the indictment to be void and in the order provided that the petitioner should "go hence without day" but did not dismiss the indictment. On January 13, 1967, a warrant for the arrest of the petitioner on the same murder charge was issued and a preliminary hearing was held after which on January 20, 1967, the petitioner was released on bond returnable to the May 1967 regular term of court. At that term of court, which, excluding the September 1966 regular term, was the second regular term after the return of the first indictment, a second indictment was returned which charged the petitioner with the same offense and on June 2, 1967, during that term of court, the petitioner again filed nu-

merous motions and pleadings, including a demurrer
and a plea in abatement. No action was taken by the
court on the demurrer and the plea in abatement or to
determine the validity of the indictment until March 29,
1968, at a special term of the court which was held after
the expiration of the September 1967 regular term and
the January 1968 regular term had passed. Those reg-
ular terms, excluding the September 1966 regular term,
were the third and the fourth regular terms that had
passed after the return of the first indictment at the
September 1966 regular term, without a trial of the peti-
tioner on that indictment. By order of March 29, 1968,
the court sustained the motion to quash the plea in
abatement and the demurrer of the petitioner to the
second indictment, dismissed the indictment and required
the defendant to enter into bond to appear before the
court at the May 1968 regular term and the petitioner
gave bond to appear before the court at that time. On
May 21, 1968, during the May 1968 regular term of the
court which, excluding the September 1966 regular term,
was the fifth regular term after the return of the first
indictment, the present indictment, being the third in-
dictment charging the same offense, was returned against
the petitioner and the case was set for trial on June 17,
1968. On May 27, 1968, the petitioner appeared in person
and by counsel and moved the court to discharge the
petitioner from further prosecution for the offense of
murder charged in the third indictment on the ground
that more than three regular terms of court had passed
since the petitioner was indicted for that offense in Sep-
tember 1966 and remanded for trial under the provisions
of Section 21, Article 3, Chapter 62, Code, 1931, as
amended. The court overruled the motion of the peti-
tioner and on May 27, 1968, the petitioner instituted this
prohibition proceeding in this Court.

It is clear beyond question that more than three regular
terms of court had passed before the third indictment
was returned at the May 1968 regular term of the Circuit

Court of Summers County, which was the fifth regular term after the September 1966 regular term, at which the first indictment against the petitioner was returned. It is also clear beyond question that the petitioner was indicted and remanded for trial at the September 1966 regular term of court for the same offense charged in the third indictment returned at the May 1968 regular term of court. The statute upon which the petitioner relies, Section 21, Article 3, Chapter 62, Code, 1931, as amended, known as the three term statute, provides, to the extent here pertinent, that "Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the *offense,* if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; * * *." (Emphasis supplied.) It should be observed that the statute applies to the *offense* and not to the indictment.

In computing the number of terms which may have passed and in determining what constitutes the three terms mentioned in the statute, the term at which the indictment is returned is excluded from the count. *State ex rel. Smith* v. *DeBerry,* 146 W. Va. 534, 120 S. E.2d 504. Any term at which a continuance is granted at the instance of the accused is, by the statute, expressly excluded from the count. For that reason and because the first indictment was returned at that term it is excluded from the count in computing the number of regular terms which have passed since the return of the first indictment. A special term of court may not be counted in

favor of the accused. *Dillon* v. *Tanner,* 107 W. Va. 550, 149 S. E. 608. A regular term of court at which no petit jury has been summoned may not be excluded from the count but is counted in favor of the accused and the three regular terms, the expiration of which will entitle the accused, if not brought to trial, to be discharged from prosecution, need not be consecutive regular terms of court. *Ex Parte Anderson,* 81 W. Va. 171, 94 S. E. 31. When an accused is serving a sentence in the State Penitentiary upon a conviction for another offense, a regular term which passes in that situation may not be excluded from the count but is counted in favor of the accused. *Ex Parte Hollandsworth* v. *Godby,* 93 W. Va. 543, 117 S. E. 369. Also, the failure of the trial court, through inadvertence, to enter an order disclosing a continuance of the case on motion of the accused will not be excluded from the count but is counted in favor of the accused. *State* v. *Underwood,* 130 W. Va. 166, 43 S. E.2d 61.

The three term period provided by the statute runs and is countable from the time of the first indictment against the accused for an offense which is charged in any subsequent indictment and the entry of *nolle prosequi* by the State during the third regular term after the regular term at which the indictment was returned will not permit the trial of the accused upon a subsequent and second indictment for the same offense returned against the accused after the expiration of three regular terms after the first indictment was returned and the accused was remanded for trial. *State* v. *Crawford,* 83 W. Va. 556, 98 S. E. 615; *Ex Parte Bracey,* 82 W. Va. 69, 95 S. E. 593. In the *Crawford* case the defendant was indicted for murder at the January 1911 regular term of court. At that term there was a continuance on motion of the accused until the April 1911 regular term and at the April and July 1911 regular terms there were continuances of the case on motions of the State. At the next term which, excluding the January 1911 regular term, was the third regular term after the date of the

indictment a *nolle prosequi* was entered. Some years later, at the January 1916 regular term of court, a new indictment for the same offense was returned. This Court held under the three term statute in effect then and since the Virginia Code of 1860 and subsequently incorporated in Section 25, Chapter 159, Code, 1923, which is substantially similar to the present statute, that a person who is entitled to be discharged from prosecution for the same offense charged in a previous indictment because not brought to trial until after the expiration of three regular terms, is entitled to a discharge from prosecution on the second indictment for the same offense returned several years afterwards. In the opinion in the *Crawford* case, discussing the discharge to which the accused in that case was entitled, this Court said: "Although such a discharge is not the moral equivalent of an acquittal and he may be guilty, his constitutional right to have his guilt or innocence determined by a trial within a reasonable time cannot be frittered away upon purely technical and unsubstantial grounds. Nor is the legislative act designed to enforce such right to be interpreted otherwise than in accordance with the recognized rules of construction. To permit the state to enter a *nolle prosequi* within the third term and re-indict for the same offense and thus deprive the prisoner of the terms fully elapsed as well as the term about to end, would make it possible to keep the prisoner in custody or under recognizance, for an indefinite period of time, on charges of a single offense; unless, perhaps, he could enforce a trial by the writ of mandamus. Such a construction as substantially tends to the defeat or undue limitation of the purpose of a statute is not permissible in any jurisdiction. That statutes shall be so construed as to effectuate the legislative purpose, not defeat it, is fundamental and all-pervasive in statutory construction. The remedy given by law for failure to accord a prompt trial to one charged with a felony is right to be discharged, not mandamus to obtain such a trial." The right to a trial without unreasonable delay is based on the

Constitution of this State and the Legislature has undertaken to define in exact terms how the constitutional mandate should be applied. *State* v. *Underwood,* 130 W. Va. 166, 43 S. E.2d 61. The purpose of the statute is to assure the defendant a speedy trial and the statute should be liberally construed to accomplish the intended purpose. *State ex rel. Smith* v. *DeBerry,* 146 W. Va. 534, 120 S. E.2d 504.

The record fails to show that the petitioner at any time moved for a continuance of the case, except his motion at the September 1966 regular term for a continuance until the January 1967 regular term of court. This is conceded in the majority opinion. Nowhere in the record does it appear that any of the exceptions mentioned in the statute occurred or caused any delay in bringing the petitioner to trial. As there was no trial of the petitioner during the January 1967 regular term, the May 1967 regular term, the September 1967 regular term, or the January 1968 regular term, more than three regular terms of court had passed without such trial before the third indictment was returned at the May 1968 regular term, which was the fifth regular term of court after the petitioner had been indicted and remanded for trial in September 1966, the petitioner is entitled to be discharged from prosecution under the third indictment which is the indictment now pending against the petitioner. The decision of the majority to the contrary disregards the statute and is clearly erroneous.

I completely and unqualifiedly disagree with this statement in the majority opinion with reference to the first indictment: "The indictment having been held void at the instance of the relator and he having been permitted, therefore, to 'go hence without day,' it is obvious that he was not at that stage remanded for trial upon a presentment or an indictment." To justify that statement the majority undertakes to read into the statute a requirement, which is missing from the statute, that the person charged by presentment or indictment with a felony

must be remanded to a court of competent jurisdiction for a designated period of time. Without such words or their equivalent the statute does not require that a person charged with a felony should be remanded or held for trial for any specified length of time. In this instance the petitioner, after the return of the first indictment on September 5, 1966, was, beyond any question, remanded for trial, was required to give bond and was held under bond for a period of more than four months and until January 10, 1967 during the next regular term of court, when by order of that date the first indictment was held to be void, but not dismissed, and the petitioner was permitted to "go hence without day" and, of course, was released from the obligation of his bond. Three days later, on January 13, 1967, he was arrested on a warrant charging him with the same murder and held on such charge for action of the next grand jury of Summers County.

By order entered January 20, 1967, the petitioner was released on bond in the penalty of $2,000.00, conditioned for his appearance at the next May 1967 regular term of the court. All the foregoing facts are undisputed and are recited in the majority opinion, from all of which it is manifest that the petitioner on September 5, 1966 was remanded for trial as provided by statute, and having been so remanded for trial, the time within which the petitioner was required to be brought to trial before the expiration of three terms of court began to run from the date of the first indictment. To give the statute any other meaning would permit the State to indict an accused, dismiss the indictment, indict him again and again for an indefinite number of times and dismiss each indictment without bringing him to trial and would tend to defeat the purpose of the statute which is to secure to the defendant his constitutional right to a speedy trial. This, as pointed out by Judge Poffenbarger in *State* v. *Crawford,* 83 W. Va. 556, 98 S. E. 615, the State may not do.

It is evident that the statement in the majority opinion that the petitioner was not remanded for trial upon the charge of murder set forth in the first indictment is utterly unfounded in fact and in law. Unlike the case of *State* v. *Kellison*, 56 W. Va. 690, 47 S. E. 166, in which the defendant, though indicted, was not arrested or placed under bond and in consequence was not remanded or held for trial, the petitioner in this proceeding was placed under bond and was remanded and held for trial immediately upon the return of the first indictment. The petitioner having been remanded for trial, which phrase has been interpreted to mean "held for trial", *State ex rel. Smith* v. *DeBerry*, 146 W. Va. 534, 120 S. E.2d 504; *State* v. *Gregory*, 143 W. Va. 878, 105 S. E.2d 532; *State* v. *Kellison*, 56 W. Va. 690, 47 S. E. 166, the time within which three regular terms of court should elapse began to run from September 5, 1966 and in consequence the January 1967 regular term was the first regular term after the return of the first indictment, the September 1966 regular term not being counted because it was the term at which the petitioner was indicted and made his only motion for a continuance; the May 1967 regular term was the second regular term after the return of the first indictment; the September 1967 regular term was the third regular term after the return of the first indictment; the January 1968 regular term was the fourth regular term after the return of the first indictment; and the May 1968 regular term, at which the case was set for trial for June 17, 1968, was the fifth regular term which had elapsed after the return of the first indictment.

The foregoing facts are established beyond question and show clearly that the petitioner was not brought to trial until after three regular terms of court had elapsed after the return of the first indictment and in consequence further prosecution of the petitioner for the identical offense of murder charged in the first indictment is barred by the statute. The statements in the majority opinion "If there is no pending presentment or indictment

for a felony, obviously the accused is not held for trial. If he is merely held on bond to await the action of a grand jury he is not held for trial", in support of which *State ex rel. Smith* v. *DeBerry,* 146 W. Va. 534, 120 S. E.2d 504, is cited, are not supported by any language in the opinion in the *DeBerry* case. In that case the petitioners were indicted for felonies in Pleasants County but were held in the jail of Tyler County upon charges returned against them in that county and in that situation they were not remanded to a court of competent jurisdiction for trial upon the indictments in Pleasants County because they were not within the jurisdiction of the Circuit Court of Pleasants County and, of course, the regular terms of court that elapsed in Pleasants County were not counted in their favor; but I repeat that neither of the above quoted statements in the majority opinion is contained in the opinion in the *DeBerry* case.

It is also undisputed that during the period in which more than three regular terms had passed after the return of the first indictment the petitioner made no motion for a continuance and did nothing to delay the trial of the case other than to challenge the legal sufficiency of the first and second indictments which he had a constitutional right to do. If tried at all, the petitioner was entitled, under the Constitution of this State, to a trial upon a valid indictment and it is clear that his efforts to establish the invalidity of the indictments, which he did as to the first and second indictments, did not constitute any of the exceptions provided in the statute and did not deprive him of the benefit of the statute.

The failure to try the petitioner before the expiration of three regular terms was not caused by his insanity, or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by continuance granted on motion of the accused; or by reason of his escape from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; which are

the only exceptions specified in the statute that could prevent the operation of the three term statute from barring prosecution for the identical offense charged in each of the indictments.

The obvious and unquestioned reason why the petitioner was not brought to trial by the State before three regular terms of court had elapsed was the delay upon the part of the court in ruling upon the challenge of the defendant to the validity of the indictments, or the action of the court or the representatives of the State in waiting upon a decision in another case which was then pending in this Court, or the inability of the court to hold a jury term of court. None of these reasons for the delay in bringing the petitioner to trial can, under the statute which is clear and unambiguous, be charged to the petitioner as the cases cited in the majority opinion establish beyond question. Notwithstanding the holding of the cases cited in the majority opinion, the majority, in fact, blames and charges, against the petitioner, contrary to the provisions of the statute, the delay that occurred on the part of the State and the court in determining the validity of the indictments, and undertakes to read into the statute an exception which was intentionally omitted from it by the Legislature in enacting it.

That the majority has so acted is made clear by the statements in the majority opinion: "Three times the trial court promptly set this case upon the charge of murder. In each instance the trial was postponed or prevented at the instance of the accused. In the first two instances, on motion of the accused and in obedience to a sedulous effort to vouchsafe to the accused rights asserted in his behalf, the trial court held that the indictments were not valid indictments upon which the accused could be legally tried and validly convicted. In the third instance in which the case was set for trial, this Court, at the request of the accused, the relator in this prohibition proceeding, suspended further proceedings in the trial court pending a decision of this case by this Court."

As to the sentence last quoted it should be noted that when this Court, upon the application of the petitioner, issued a rule in prohibition and suspended trial of the case, more than three regular terms of court had elapsed before the instant proceeding was instituted in this Court, and the action of the petitioner in that respect did not operate to prevent the passing of three regular terms of court. Though it is clear from the above quotations that the majority has charged the petitioner with the delay upon the part of the court in ruling upon the validity of the first two indictments and treats such delay as an additional exception included in the statute which, of course, is not true, the right of the majority to do so is expressly refuted by this quotation in the majority opinion: "In *Ex Parte Bracey*, 82 W. Va. 69, pt. 6, syl., 95 S. E. 593, the Court held that the state cannot excuse itself from bringing the accused to trial, under the 'three term' statute, by reason of the passing of three regular terms of court by which trial was prevented by failure of the court to act upon a demurrer to the indictment, even though the demurrer is ultimately overruled and the indictment is, therefore, held to be valid, the delay being caused by the inaction or dereliction of the judge of the trial court."

In its effort to charge the petitioner with the delay that occurred in disposing of his challenge to the indictments, the majority appears to rely on this additional quotation from the *Bracey* case: "We do not think that the language used in the statute, 'on motion of the accused', means that the accused party must make a formal motion in the court in which the indictment is pending in order to charge him with the delay in bringing him to trial. If he instigates a *proceeding* which forces a continuance of the case at a particular term of court, he will not be permitted to take advantage of the delay thus occasioned." (Emphasis supplied.) Of course, this last quotation has no application whatsoever to the delay in disposing of the challenge to the indictments, for the

petitioner did not, until after the expiration of three regular terms of court, instigate any proceeding which forced a continuance of the case. His motions and his demurrer and his plea in abatement to each of the first two indictments were not a proceeding but were merely incidental procedures in the same pending criminal proceeding.

The action of the majority in charging the petitioner with the delay upon the part of the court and the State in bringing him to trial before the expiration of three regular terms, not only attempted to read into the statute an exception, which is not there, but it operated to force the petitioner to surrender his constitutional right to cause the State to return a valid indictment against him in order to exercise his constitutional right secured by the statute to bring him to trial without unreasonable delay and before the expiration of three regular terms from the time he was indicted and remanded for trial. This the majority of this Court may not do.

In the recent case of *Simmons* v. *United States,* 390 U. S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247, in which the Supreme Court of the United States held that testimony given by a defendant to meet certain requirements to raise objections that the evidence was the fruit of unlawful search and seizure should not be admitted against him at the trial upon the question of his guilt or innocence, the court said in the opinion: "In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another." See also *Spevack* v. *Klein,* 385 U. S. 511, 87 S. Ct. 625, 17 L. Ed. 2d 574; *Garrity* v. *State of New Jersey,* 385 U. S. 493, 87 S. Ct. 616, 17 L. Ed. 2d 562. And on the question of preventing the surrender of one constitutional right in order to assert another, the Supreme Court of the United States in the recent case of *United States* v. *Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. 2d 138, held unconstitutional a provision of the Federal Kidnapping Act, which forced the defendant to plead guilty to escape

a possible sentence of death, which could not be imposed by the court, instead of asserting his right to a trial jury which alone could impose the sentence of death. In the opinion the court said: "The inevitable effect of any such provision, is of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial. If the provision had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it would be patently unconstitutional."

I also challenge as wholly incorrect the statement in the majority opinion that "the question presented for decision in this case is one of first impression for this Court, notwithstanding numerous prior decisions which have construed or applied the provision of the 'three term' statute herein involved." This Court has in many cases considered numerous phases of and recognized and dealt with all the exceptions mentioned in the statute, as indicated by the numerous decisions cited in the majority opinion; and has consistently held that a person charged with crime is entitled, under the statute, to be forever discharged from prosecution upon such charge, if there be three regular terms of the court in which the indictment is pending after an indictment is found against him without a trial of the case, unless the failure to try him is because of some of the reasons contained in the statute which excuse such delay, *Ex Parte Bracey*, 82 W. Va. 69, 95 S. E. 593; *Ex Parte Hollandsworth* v. *Godby*, 93 W. Va. 543, 117 S. E. 369; *State* v. *Underwood*, 130 W. Va. 166, 43 S. E.2d 61; *Ex Parte Anderson;* 81 W. Va. 171, 94 S. E. 31; *Ex Parte Chalfant*, 81 W. Va. 93, 93 S. E. 1032. No new or previously undecided question is involved in the instant proceeding. The question as to what constitutes an exception within the scope and meaning of the statute is here involved as it was involved and determined in several of the cases cited in the majority opinion. The statute is clear and unambiguous and the expression of

specified exceptions, which excuse the operation of the statute in barring further prosecution of a person indicted for a felony, excludes any excuse other than those specifically mentioned. This results from the doctrine *expressio unius est exclusio alterius*, which means that the express mention of one thing implies the exclusion of another, and that doctrine clearly applies to the three term statute here under consideration. *State ex rel. Battle v. Hereford*, 148 W. Va. 97, 133 S. E.2d 86; *Ratcliff v. State Compensation Commissioner*, 146 W. Va. 920, 123 S. E.2d 829; *Layne v. Hayes*, 141 W. Va. 289, 90 S. E.2d 270; *Harbert v. The County Court of Harrison County*, 129 W. Va. 54, 39 S. E. 2d 177; *State ex rel. Downey v. Sims*, 125 W. Va. 627, 26 S. E.2d 161; *Taylor v. Taylor*, 66 W. Va. 238, 66 S. E. 690, 19 Ann. Cas. 414; *Beverlin v. Beverlin*, 29 W. Va. 732, 3 S. E. 36. If the Legislature had intended to make the action of an accused in challenging the sufficiency of the indictment, by motion, demurrer or plea in abatement, an excuse for failure to try the accused before the expiration of three regular terms, as the majority undertakes to do in this case, the Legislature could and it doubtless would have incorporated an excuse of that nature in the statute. Its failure or refusal to do so indicates that no such excuse was intended by the Legislature for the obvious reason that if it had undertaken to do so any provision of the statute, which would have denied the accused his constitutional right to be tried upon a valid indictment, in order to assert his right to be discharged from further prosecution unless tried before the expiration of three regular terms after the return of the first indictment, would have rendered such provision of the statute unconstitutional.

This Court has held that it is not necessary to entitle the accused to the benefit of the three term statute that the accused, in order to obtain his discharge, must show that after the indictment he made demand for trial or was in any way prevented from doing so. It is the duty of the State to bring him to trial, if it would prevent his

discharge, or excuse itself upon some one of the grounds prescribed by the statute. *Ex Parte Chalfant*, 81 W. Va. 93, 93 S. E. 1032. This the majority concedes by quoting a portion of the opinion in the *Chalfant* case in one part of the majority opinion but, surprising as it may seem, the majority, after stating the rule adopted by this Court in the *Chalfant* case and characterizing it as the minority view, adopts and applies the contrary majority view which is: "The burden is on the accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or wilfulness of the State's prosecution." and "Accused is not entitled to a discharge or dismissal for delay in bringing him to trial where such delay was caused by proceedings or motions instituted by him, as where the delay is occasioned by proceedings on a motion to dismiss, or to quash the indictment, or by his filing of a dilatory plea, * * *".

The authorities quoted for the majority view as expressed in the above quotations are the North Carolina case of *State* v. *Hollars*, 266 N. C. 45, 145 S. E.2d 309, and portions of the text in 22A, C.J.S., Criminal Law, Sections 469 and 471, based on decisions of courts in other jurisdictions.

I can not concur in the action of the majority which, after conceding that the law of this State, though representing the minority view, is as declared in the *Chalfant* case, departed from the law of this State and adopted and applied instead the contrary majority view which is followed in other jurisdictions.

The majority cites in support of its conclusion *State* v. *Loveless*, 142 W. Va. 809, 98 S. E.2d 773; *State* v. *Strauder*, 11 W. Va. 745; and *Mealy* v. *Commonwealth*, 193 Va. 216, 68 S. E.2d 507. The decision in each of those cases has no present application. Here the petitioner has not been tried and because of the failure to try him before the expiration of three regular terms of court he seeks relief from prosecution by virtue of the statute. In each of the

above cited cases the accused had been tried, and, of course, after an accused has been tried any retrial upon the indictment would not be barred by the statute because the statute was not intended to apply and it does not apply to any proceedings that may be had after the accused has been tried or his trial has been delayed by appellate or habeas corpus proceedings instigated by the accused, none of which has occurred in connection with the offense with which the petitioner has been charged in this proceeding.

For the reasons stated I would award the writ as prayed for in the petition.