State *ex rel.* John Richard Spadafore, *et al.*

*v.*

Honorable Fred L. Fox, *Judge, etc., et al.*

(No. 13060)

Submitted January 25, 1972.    Decided February 29, 1972.

*Paul E. Parker, Jr.,* for plaintiffs in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Willard A. Sullivan, Richard E. Hardison,* Assistant Attorneys General, for defendants in error.

BERRY, JUDGE:

This is an appeal by John Richard Spadafore and Anthony Donald Spadafore, hereinafter referred to as appellants, from a final judgment of the Circuit Court of Marion County on February 4, 1971 which denied the appellants' application for a writ of prohibition. The appellants had filed their petition for a writ of prohibition in the Circuit Court of Marion County after the Criminal Court of Marion County on January 28, 1971 had denied their plea in abatement, motion to quash and motion to dismiss, which motions were based on the grounds that three regular terms of court had passed without a trial,

and, consequently, under Code, 62-3-21, as amended, the appellants were entitled to be discharged from prosecution for grand larceny. A writ of error was granted on February 8, 1971 and the case was submitted for decision upon the briefs and oral arguments of the parties on January 25, 1972.

The appellants were arrested on September 11, 1968 and charged with grand larceny of a Caterpillar Traxcavator. They were indicted on September 17, 1968 and on October 3, 1968 the appellants filed a plea in abatement on the grounds that the state failed to grant a preliminary hearing to them. The appellants' motions for a bill of particulars and discovery were also filed on October 3, 1968. However, no action was taken on the plea or motions and the September, 1968 Term ended without a trial. The regular terms of the Criminal Court commence on the second Tuesday in January and May and on the third Tuesday in September.

On March 1, 1969, during the January, 1969 Term, the case and the pending motions were continued to the May, 1969 Term on the appellants' motion.

On September 5, 1969, during the May, 1969 Term, a lengthy hearing was held on the appellants' plea in abatement. However, the record shows that the hearing was "duly adjourned and continued until a later date to be agreed upon between counsel and the Court." The hearings were resumed October 23, 1969 during the September, 1969 Term but the case was continued to the January, 1970 Term on the motion of the appellants. At this January, 1970 Term the case was continued again on motion of the appellants.

On May 29, 1970, during the May, 1970 Term, the appellants filed another plea in abatement alleging that the indictment was not returned "in open Court" and was not legally valid. The Court did not rule on the plea but on July 13, 1970 the Grand Jury returned another indictment against the appellants for the same offense. The appellants

filed a plea in abatement to the second indictment on August 8, 1970. On September 3, 1970 the Court deferred its judgment on the plea in abatement and on the motion of the appellants, required the state to elect upon which indictment it would proceed. On September 14, 1970, the last day of the May Term, the state elected to proceed on the second indictment, and the appellants again filed a motion for discovery and a bill of particulars. The appellants had filed these motions during the September, 1968 Term before another judge of the court and they had been complied with. These motions were set for hearing September 16, 1970, which was one day after the beginning of the September Term.

On September 17, 1970, during the September Term, the Court granted appellants' motion for discovery and a bill of particulars. The appellants also successfully moved that the deposition of an out-of-state witness be taken. On September 23, 1970 the appellants filed a motion to suppress evidence and a hearing was scheduled for November 10, 1970 but the record does not show that the Court took any further action on that motion during that term.

A trial was set for October 14, 1970 but was not held because the Court Reporter was absent. The petit jury was discharged on January 7, 1971.

On January 22, 1971 the court set February 2, 1971 as the trial date and on January 28, 1971 the Criminal Court overruled appellants' motions to dismiss based on the three term statute and appellants filed their petition for a writ of prohibition in the Circuit Court of Marion County on January 29, 1971.

The three term statute, Code, 62-3-21, as amended, provides that an accused is to be discharged from prosecution if three terms of court pass and he is not brought to trial unless a term is excused.

Under the statute the term at which the indictment is returned is not to be counted as one of the three terms.

Therefore, the September, 1968 Term of court is not counted. *State ex rel. Smith* v. *DeBerry*, 146 W.Va. 534, 120 S.E.2d 504; *State ex rel. Farley* v. *Kramer*, 153 W.Va. 159, 169 S.E.2d 106.

Any term at which a defendant procures a continuance on his own motion, or otherwise prevents a trial from being held, is not counted. *State* v. *McIntosh*, 82 W.Va. 483, 96 S.E. 79; *State ex rel. Farley* v. *Kramer, supra.* Therefore, the January, 1969 Term, the September, 1969 Term and the January, 1970 Term are not to be counted in favor of the appellants because the case was continued on the appellants' motion during those terms. However, it is contended by the appellants that the May, 1969, May, 1970 and the September, 1970 Terms are three unexcused Terms which passed without trial.

The first term that appellants rely on to be counted as an unexcused term is the May, 1969 Term, and it was at that Term that a lengthy hearing was held on the first plea in abatement field. The record shows that the hearing was duly adjourned on September 5, 1969, and continued at a later date to be agreed upon between counsel and the court. The record shows that the later date was October 23, 1969 at which time the plea was again considered and overruled. The plea in abatement filed by the appellants' counsel to quash the first indictment was based on the grounds that the state had failed to grant a preliminary hearing to them. However, the appellants had been properly indicted by the grand jury of the Criminal Court of Marion County, and, consequently, there was no merit to the plea. *United States* v. *Lauchli*, 444 F.2d 1037. It is clear that the appellants instituted the proceedings which caused the case to be continued without trial from the May, 1969 Term and the record clearly indicates that such continuance was by agreement of the parties and was set for a completion of the hearing at a later date.

The case of *Ex Parte Bracey*, 82 W.Va. 69, 95 S.E. 593, relied on by the appellants, clearly points out that where

proceedings are conducted such as were done in the instant case, the term where such proceedings are started should not be counted in favor of the accused. In the *Bracey* case a demurrer had been filed involving only a question of law and the court did not dispose of the demurrer for over six months. It was held that the court was not justified in continuing the case over one or more terms while considering the demurrer. However, it was clearly stated in the *Bracey* case that even though the accused did not make a formal motion for a continuance in a criminal case, if he were a moving party in a proceeding which necessitated such continuance, such term should not be counted. The Court stated in the *Bracey* case, in discussing this matter, that: "We do not think that the language used in the statute, 'on motion of the accused,' means that the accused party must make a formal motion in the court in which the indictment is pending in order to charge him with the delay in bringing him to trial. If he instigates a proceeding which forces a continuance of the case at a particular term of court, he will not be permitted to take advantage of the delay thus occasioned."

In the case of *State ex rel. Parsons* v. *Cuppett,* 155 W.Va 469, 184 S.5.2d 616, decided by this Court November 23, 1971, it is clearly indicated that where a court does not have time for the disposition of motions or pleas filed by the accused and a term passes as a result thereafter, such term cannot be counted as one of the three terms under the provisions of Code, 62-3-21, as amended.

It is uniformly held in other jurisdictions that if the delay in bringing the accused to trial is attributable to the accused in any manner, the accused cannot take advantage of such delay and contend that he has been denied a speedy trial. *People* v. *Fosdick*, 36 Ill. 2d 524, 224 N.E.2d 242; *People* v. *Ross,* ____ Ill. ____, 271 N.E.2d 100; *State* v. *Lydon,* 40 Wash. 2d 88, 241 P.2d 202.

The continuance of this case from the May, 1969 Term to the next term of court, in order to complete the hearing on a motion and plea filed by the appellants, is sufficient

to omit the May, 1969 Term relied on by the appellants to be counted for one of the three terms, leaving only two terms. In any event, the state was not responsible for the delay in bringing the appellants to trial within three terms after the indictment was returned. Consequently, the appellants' contention that they should be discharged from prosecution in this case is without merit.

Many other motions and pleas, such as for discovery, for bills of particulars, to take depositions and to suppress evidence were made before three different judges of the Criminal Court of Marion County during the pendency of this case, some of which were repeated after having been disposed of by former judges. However, it is not necessary to discuss these matters because of the proceedings in the May, 1969 Term, as discussed above.

Where there are two indictments for the same offense, such as are present in the case at bar, an accused must be brought to trial on one of the indictments within three unexcused terms after the first indictment was returned. However, the action taken by the accused in connection with both indictments must be considered in ascertaining the terms, if any, which may be excused. This was the situation in the case of *State* v. *McIntosh, supra,* wherein it was held in point four of the syllabus that: "In the case of two such indictments, the accused is not entitled to count under said statute, any term at which he procured a continuance of either indictment on his own motion, or otherwise prevented a trial thereof."

For the reasons stated herein, the judgment of the Circuit Court of Marion County is affirmed.

*Judgment affirmed.*