# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

State of West Virginia,
**Plaintiff Below, Respondent**

**vs) No. 15-1141** (Marion County 12-F-27)

**Brian Anderson Merchant,
Defendant Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian Anderson Merchant, by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's October 14, 2015, order sentencing him to the following: life, with mercy, for his conviction of one count of first-degree robbery, as enhanced by West Virginia Code § 61-11-18(c); thirty years of incarceration for his conviction of a second count of first-degree robbery; and two terms of incarceration of two to ten years for his conviction of two counts of assault during the commission of a felony. The State, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his motion to dismiss because he was not tried within three terms of court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted during the February of 2012 term of court on two counts of first-degree robbery, two counts of assault during the commission of a felony, and one count of fleeing in a vehicle in reckless indifference to the safety of others. Thereafter, petitioner's trial was continued beyond the following term of court by petitioner's own motion. The following two terms of court passed without trial or motion by petitioner.

During the June of 2013 term of court, petitioner was mistakenly released from custody by the Division of Corrections, where he was being held on unrelated charges. This was in spite of the fact that the State placed a hold on petitioner for the charges underlying this appeal. Even though petitioner's trial was scheduled for August of 2013, petitioner fled to the Commonwealth of Pennsylvania and remained there until he was extradited on a capias warrant in August of 2013, two days before his scheduled trial. Because of petitioner's voluntary absenteeism, the circuit court postponed petitioner's trial in the interest of ensuring that proper pretrial procedure was followed.

1

During the October of 2013 term of court, petitioner entered into plea negotiations with the State and initially agreed to a plea deal. However, petitioner repeatedly refused to enter a plea, resulting in two continuances of the plea hearing. During the February of 2014 term of court, petitioner's trial was scheduled to begin on March 19, 2014. However, petitioner's counsel was scheduled to represent a separate criminal defendant in a matter scheduled for trial from March 10, 2014, through March 25, 2014. Despite this conflict, counsel did not file a notice of scheduling conflict or motion to continue, and the circuit court was not made aware of the conflict until such time as a continuance beyond that term of court was necessary. The circuit court, however, found that the State was ready to proceed to trial.

During the June of 2014 term of court, petitioner moved to dismiss the indictment for violation of the three term rule. In August of 2014, the circuit court denied the motion, after which petitioner moved to continue his trial so that he could re-establish plea negotiations with the State. Ultimately, petitioner's trial commenced during the October of 2014 term of court. Petitioner was thereafter convicted and sentenced as follows: life, with mercy, for his conviction of first-degree robbery, as enhanced by West Virginia Code § 61-11-18(c); thirty years of incarceration for his conviction of a separate count of first-degree robbery; and two terms of incarceration of two to ten years for his conviction of two counts of assault during the commission of a felony. The sentences were ordered to be served concurrently to one another, but consecutively to a sentence petitioner was serving for unrelated criminal charges. It is from the sentencing order that petitioner appeals.

We have previously held as follows:

> This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). Upon our review, we find no error in the circuit court's denial of petitioner's motion to dismiss the indictment upon allegations that his right to trial within three terms of court was violated.

West Virginia Code § 62-3-21 states, in relevant part, that

> [e]very person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by . . . a continuance granted on the motion of the accused; or by . . . failing to appear according to his recognizance . . . .

Moreover, in addressing this statute, we have held that

"[t]he three regular terms of a court essential to the right of a defendant to be discharged from further prosecution, pursuant to provisions of the Code, 62-3-21, as amended, are regular terms occuring [*sic*] subsequent to the ending of the term at which the indictment against him is found. The term at which the indictment is returned is not to be counted in favor of the discharge of a defendant." Syl. pt. 1, *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 120 S.E.2d 504 (1961).

Syl. Pt. 4, *State v. Carrico*, 189 W.Va. 40, 427 S.E.2d 474 (1993). Similarly,

"[a]ny term at which a defendant procures a continuance of a trial on his own motion after an indictment is returned, or otherwise prevents a trial from being held, is not counted as one of the three terms in favor of discharge from prosecution under the provisions of Code, 62-3-21, as amended." Syl. pt. 2, *State ex rel. Spadafore v. Fox*, 155 W.Va. 674, 186 S.E.2d 833 (1972).

Syl. Pt. 3, *State v. Fender*, 165 W.Va. 440, 268 S.E.2d 120 (1980).

In the present case, the parties agree that two terms of court, specifically the October of 2012 and February of 2013 terms, are properly attributable to the State. However, petitioner argues that three additional terms of court are attributable to the State and, thus, he was entitled to dismissal of the underlying indictment. Those terms are the June of 2013, February of 2014, and June of 2014 terms of court. The Court, however, does not agree.

First, petitioner argues that he did not move to continue the proceedings during the June of 2014 term of court, but the record reflects otherwise. It was during this term that petitioner moved to dismiss the indictment, which motion the circuit court denied. Upon the denial, petitioner's counsel informed the circuit court that petitioner wished to reopen plea negotiations with the State, in light of the fact that trial was scheduled to commence two days after the hearing on the motion to dismiss. Petitioner's counsel then stated that petitioner would "on the record here today waive his right to a speedy trial in this term of court so that this will count against him and not against the [S]tate." After this discussion, the circuit court then addressed petitioner and asked if he was willing to continue his trial that was scheduled to begin in two days, to which petitioner responded affirmatively. The circuit court then specifically asked petitioner if he was willing to continue his trial beyond the current term of court, and petitioner again responded affirmatively. As such, it is clear that there is no evidence in the record that supports attributing the June of 2014 term of court to the State.

Next, petitioner argues that the June of 2013 term of court should be attributed to the State because he was available for trial but the same was continued against his wishes. However, petitioner's argument ignores the fact that his willful absence from the State of West Virginia, in conjunction with his apprehension in the Commonwealth of Pennsylvania and subsequent return here, caused the delay in his trial during that term of court. As the circuit court noted below, petitioner "did nothing wrong to facilitate the release," however, the circuit court is also correct that petitioner was aware of the fact that he had been arraigned upon the current indictment "and knew he was answerable to the charges therein." While petitioner argues that the issue ultimately

turns upon whether he knew he was scheduled for trial on August 21, 2013, the Court disagrees. Simply put, petitioner's absence from the State caused a delay in trial preparation such that a continuance was necessary beyond that term of court. This is in keeping with West Virginia Code § 61-3-21, which creates an exception to the three-term rule due to a defendant's failure to appear, and the spirit of our prior holdings that grant an exception when a defendant "otherwise prevents a trial from being held." *Id.* at 441, 268 S.E.2d at 121, Syl. Pt. 3.

Petitioner counters that he was returned to the State of West Virginia prior to trial and, accordingly, the State should have been required to proceed to trial. Petitioner's argument, however, ignores the fact that he was returned to this jurisdiction only two days prior to his scheduled trial. In denying his motion to dismiss, the circuit court properly noted that "it was not logistically possible for the [c]ourt, the State . . . , and [petitioner's] counsel to conduct necessary pre-trial proceedings, secure the attendance of witnesses and conduct a fair trial in two days, even if all concerned knew [petitioner] had been returned to the jurisdiction." Again, petitioner's argument ignores the fact that his own actions prevented the trial from being held, regardless of the fact that he was returned to the State shortly before the scheduled trial. The circuit court was left with no choice but to continue the trial because of petitioner's own actions and in the interest of protecting petitioner's constitutional rights. As such, we find no error in the circuit court denying petitioner's motion to dismiss upon these grounds.

Finally, petitioner argues that the February of 2014 term of court should be attributable to the State because his counsel failed to file a notice of a scheduling conflict as required by Rule 5.04 of the West Virginia Trial Court Rules. During the February of 2014 term of court, petitioner's trial was scheduled to being on March 19, 2014. However, petitioner's counsel was representing a separate criminal defendant in a matter scheduled for trial from March 10, 2014, until March 25, 2014. In ruling on petitioner's motion to dismiss, the circuit court specifically noted that petitioner's counsel admitted that the State was in regular contact with him during this term of court in regard to the fact that it was "ready, willing and able to commence the trial . . . on March 19, 2014." As such, the circuit court correctly attributed the resulting continuance to petitioner.

Petitioner argues, however, that attributing his counsel's waiver of his right to trial within this term of court is inappropriate and that, taken to its logical extreme, defense counsel could be allowed to waive various other rights without conferring with their clients. In light of the specific facts of this case, the Court disagrees. Importantly, petitioner fails to address the fact that, had his attorney properly filed a notice of scheduling conflict, the result may very well have been that a continuance beyond the February of 2014 term of court was required. Moreover, petitioner provides no convincing argument that his own counsel's actions should be attributable to the State for purposes of analyzing the three-term rule. Upon analysis, it appears that petitioner asserts that his counsel's representation was ineffective due to his failure to properly notify the circuit court of his impending scheduling conflict in a timely manner. As such, we decline to grant petitioner relief in this regard, as we have previously held that, traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal.

We addressed this issue in Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), as follows:

It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Upon our review, we find that the record in this case is insufficient to address the merits of petitioner's claim regarding his trial counsel's failure to file a notice of scheduling conflict. Such a claim would more appropriately be addressed pursuant to a petition for writ of habeas corpus.

For the foregoing reasons, the circuit court's October 14, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II