# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0986** (Cabell County 15-F-1)

**William Julius Ballenger,**
**Defendant Below, Petitioner**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Julius Ballenger, by counsel Todd Meadows, appeals the Circuit Court of Cabell County's September 20, 2016, order sentencing him as a recidivist following his second-degree robbery, malicious wounding, and obstruction of a police officer convictions. The State of West Virginia, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion to dismiss the indictment for failure to provide him with a speedy trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 2, 2014, petitioner was indicted in case number 14-F-262 on one count of first-degree robbery and one count of obstructing an officer. A pretrial hearing was held on August 14, 2014, and the order memorializing this hearing indicated that "after hearing representations of counsel and upon the defendant freely and voluntarily waiving his right to trial in this term of court, the [c]ourt was of the opinion to reset this matter." Trial was accordingly scheduled for October 15, 2014.

On the day before 14-F-262 was to proceed to trial, petitioner's counsel moved to withdraw. Petitioner was asked whether he agreed "that there has been a problem to where you don't want [your counsel] to represent you?" Petitioner agreed that he no longer wanted counsel to represent him and stated that he had "no faith in [counsel]." Consequently, new counsel was appointed and petitioner's trial was continued.

On January 9, 2015, a superseding indictment, number 15-F-1, was returned indicting petitioner on one count each of first-degree robbery, obstructing an officer, second-degree robbery, and malicious wounding. Indictment number 14-F-262 was dismissed, and the record of proceedings from 14-F-262 was transferred to the superseding indictment. Trial was scheduled

1

for February 10, 2015. On February 4, 2015, however, the State moved to continue the trial due to the victim's hospitalization and need for a medical procedure, which would preclude his attendance at trial. The State's motion was granted, and trial was rescheduled for April 28, 2015. On April 7, 2015, petitioner's trial was continued again until July 27, 2015, due to the victim's health issues.

On July 9, 2015, petitioner moved to disqualify the circuit court judge on the basis of judicial bias. That motion was denied by this Court on July 21, 2015. The parties appeared in court on the date trial was scheduled to begin, but, due to the filing of the motion to disqualify, trial did not commence. Instead, the hearing time was used as a status conference, and trial was continued to September 14, 2015.

On September 4, 2015, petitioner filed a motion to dismiss the indictment on the ground that three terms of court had passed since the indictment had issued without trial. This motion was denied. Shortly thereafter, petitioner's counsel moved to withdraw, and this motion was granted. On September 22, 2015, the circuit court held a status conference with new trial counsel present. Trial was scheduled for November 17, 2015.

Prior to this new trial date, petitioner filed an ethics complaint against the circuit court.[1] Accordingly, trial was again continued. Petitioner's trial ultimately commenced on April 25, 2016. On May 2, 2016, petitioner was found guilty of second-degree robbery; battery, a lesser-included offense of malicious wounding; and obstruction of a police officer. A recidivist trial was held on August 16, 2016, at which petitioner was found to be a recidivist. On September 20, 2016, petitioner's sentencing order was entered. It is from this order that petitioner appeals.

> This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009).

Petitioner asserts on appeal that he was denied his constitutional right to a trial without unreasonable delay because he was tried and convicted in the fifth term of court following his indictment. Petitioner argues that the only just cause for continuance occurred during the January 2015 term of court when the victim was hospitalized and could not attend trial. Because the other continuances were for reasons not enumerated in West Virginia Code § 62-3-21, petitioner asserts that the indictment must be dismissed and he be "forever discharged from further prosecution."

West Virginia Code § 62-3-21, the "three-term rule," provides that

---

[1]The ethics complaint was not included in the Appendix Record to determine against whom the complaint was filed. The circuit court's order continuing the matter states only that petitioner "filed an ethics complaint against the [c]ourt[.]"

2

[e]very person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict[.]

Cabell County's terms of court are set in Rule 2.06 of the West Virginia Trial Court Rules to commence "on the first Monday in January and May, and the second Tuesday in September." Petitioner was indicted during the May 2014 term of court, and his trial commenced during the January 2016 term of court. Therefore, this Court's review entails consideration of the five terms of court that passed prior to petitioner's trial.[2]

We begin our review by noting that the term in which the indictment is returned is not counted for purposes of determining whether a violation of the three-term rule has occurred:

Under the provisions of Code, 62-3-21, as amended, the three unexcused regular terms of court that must pass before an accused can be discharged from further prosecution are regular terms occurring subsequent to the ending of the term at which the indictment was returned. The term at which the indictment was returned can not be counted as one of the three terms.

Syl. Pt. 1, *State ex rel. Spadafore v. Fox*, 155 W.Va. 674, 186 S.E.2d 833 (1972). We also note that petitioner concedes that the term during which the victim was hospitalized and unable to appear for trial similarly does not count. W. Va. Code § 62-3-21 (". . . unless the failure to try him was caused by . . . the witnesses for the State being . . . prevented from attending by sickness[.]") Thus, the May 2014 and January 2015 terms of court are excused terms of court for purposes of our calculation.

With respect to the remaining terms of court, we have held that

[a]ny term at which a defendant procures a continuance of a trial on his own motion after an indictment is returned, or otherwise prevents a trial from

---

[2]The terms of court applicable to petitioner's case are as follows: petitioner was indicted during the May 2014 term of court. The September 2014 term of court commenced on September 9, 2014. The January 2015 term of court commenced on January 5, 2015. The May 2015 term of court commenced on May 4, 2015. The September 2015 term of court commenced on September 8, 2015. Finally, petitioner's trial began on April 25, 2016, during the January 2016 term of court, which commenced on January 4, 2016.

3

being held, is not counted as one of the three terms in favor of discharge from prosecution under the provisions of Code, 62-3-21, as amended.

*Spadafore*, 155 W.Va. at 674, 186 S.E.2d at 834, Syl. Pt. 2. A formal motion for continuance need not be made. *Id.* at 679, 186 S.E.2d at 836. Rather, if a defendant "were a moving party in a proceeding which necessitated such continuance, such term should not be counted." *Id.* (citation omitted). In sum,

> [w]e do not think that the language used in the statute, 'on motion of the accused,' means that the accused party must make a formal motion in the court in which the indictment is pending in order to charge him with the delay in bringing him to trial. If he instigates a proceeding which forces a continuance of the case at a particular term of court, he will not be permitted to take advantage of the delay thus occasioned.

*Id.* (internal quotations and citation omitted). Moreover, "[i]t is uniformly held in other jurisdictions that if the delay in bringing the accused to trial is attributable to the accused in any manner, the accused cannot take advantage of such delay and contend that he has been denied a speedy trial." *Id.* (citations omitted). Finally, "where a court does not have time for the disposition of motions or pleas filed by the accused and a term passes as a result thereafter, such term cannot be counted as one of the three terms under the provisions of Code, 62-3-21, as amended." *Spadafore*, 155 W.Va. at 679, 186 S.E.2d at 836 (citation omitted).

In the remaining terms for this Court's consideration – the September 2014, May 2015, and September 2015 terms – petitioner initiated proceedings that caused the delay of which he now complains. In July of 2015, just prior to petitioner's July 27, 2015, trial date, which was during the May 2015 term, petitioner filed a motion to disqualify the circuit court judge. This resulted in a stay of the proceedings. W.Va. T. Ct. R. 17.01 ("Upon the judge's receipt of a copy of [a motion for disqualification], regardless of whether the judge finds good cause and agrees to the disqualification motion or not, the judge shall: (1) proceed no further in the matter[.]") Because petitioner's initiation of this proceeding forced a continuance, the May 2015 term is not an unexcused term of court for purposes of the three-term rule.

In November of 2017, during the September 2015 term, petitioner filed an ethics complaint against the circuit court. This resulted in another continuance. Again, because petitioner's initiation of that proceeding forced a continuance, this term is not an unexcused term.

Finally, with respect to the September 2014 term, we note that petitioner's counsel moved to withdraw. Although petitioner himself did not initiate this proceeding, he agreed that he no longer wished for that attorney to represent him and informed the circuit court that he had lost faith in his counsel. But it matters not whether such action could be considered initiated by petitioner. Even assuming that the September 2014 continuance was unexcused, this amounts to only one arguably unexcused term. Therefore, petitioner has failed to establish a violation of the three-term rule, and we find no error in the circuit court's denial of his motion to dismiss the indictment.

For the foregoing reasons, we affirm the circuit court's September 20, 2016, sentencing order.

Affirmed.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker